UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DARIUS MILLER,                  :
        Petitioner,             :
                                :    Crim. No. 3:92cr40 (AHN)
v.                              :    Civ. No. 3:04cv1589 (AHN)
                                :
UNITED STATES OF AMERICA,       :
        Respondent.             :


            RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

     On August 8, 1998, petitioner Darius Miller ("Miller") was convicted in Connecticut state court of robbery in the first degree and sentenced to 14-years imprisonment.  At the time of his conviction, Miller was on federal supervised release, and on September 25, 1998, this court sentenced Miller to an additional eight-months imprisonment, to run consecutive to the state sentence, for violation of that supervised release.  On May 31, 2000, Miller filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255; this court denied the petition. Miller now brings a second § 2255 petition challenging the court's imposition of the eight-month sentence for violation of his supervised release.[1]

     Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Miller may only prevail on this second § 2255

---

[1] Miller contends that his "probation was violated without consideration of the prospects of rehabilitation while incarcerated on the state charge."

petition if he can demonstrate:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  The statute further provides that Miller must apply to the Second Circuit Court of Appeals for authorization to bring this petition.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Because the Second Circuit has not authorized this court to entertain Miller's successive petition, it cannot reach the merits of his claim.

Even if this court had authorization to consider Miller's claim, his § 2255 petition would fail because it is time-barred. AEDPA requires that a § 2255 petition be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

> if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Miller alleges no new constitutional right recognized by the Supreme Court, newly-discovered evidence, or unconstitutional government impediment to his claim.  The one-year time limit thus appears to have run from the date his conviction became final in 1998, and Miller's petition would be time-barred even if cognizable by this court.

For the foregoing reasons, Miller's petition for a writ of habeas corpus [doc # 44] is DENIED without prejudice.  Miller should direct further collateral challenges to his conviction or sentencing to the Second Circuit Court of Appeals, as provided in 28 U.S.C. §§ 2244 and 2255.

So ordered this 26th day of May, 2006, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas,
United States District Judge